Jun 27, 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **18-20563-CR-MOORE/SIMONTON**

21 U.S.C. § 846
21 U.S.C. § 853

UNITED STATES OF AMERICA

vs.

SCOTT NOVICK,

        Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information, unless otherwise specified:

1.  The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical professionals, the CSA made it unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense a controlled substance or conspire to do so.

2.  The CSA and its implementing regulations set forth which drugs and other substances are defined by law as "controlled substances," and assigned those controlled substances to one of five schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

3. A controlled substance assigned to "Schedule II" meant that the drug had a high potential for abuse, the drug had a currently accepted medical use in treatment in the United States, or a currently accepted medical use with severe restrictions.

4. Pursuant to the CSA and its implementing regulations, Oxycodone was classified as a Schedule II controlled substance. 21 C.F.R. § 1308.12(b). Oxycodone, sometimes prescribed under the brand name OxyContin, Roxicodone, Roxicet, Endocet or in combination with acetaminophen under the brand name Percocet, was used to treat severe pain. Oxycodone, as with other opioids, was highly addictive.

5. Pursuant to the CSA and its implementing regulations, Morphine was classified as a Schedule II controlled substance. 21 C.F.R. § 1308.12(b). Morphine, sometimes prescribed under the brand name MS Contin, Roxanol, Oramorph, RMS and MSIR, was used to treat severe pain. Morphine, as with other opioids, was highly addictive.

6. Pursuant to the CSA and its implementing regulations, Hydrocodone was classified as a Schedule II controlled substance. 21 C.F.R. § 1308.12(b). Hydrocodone, sometimes prescribed under the brand name Vicodin, Vicoprofin, Lortab, Lorcet and Norco, was used to treat severe pain. Hydrocodone, as with other opioids, was highly addictive.

7. Pursuant to the CSA and its implementing regulations, Dextroamphetine-amphetamine was classified as a Schedule II controlled substance. 21 C.F.R. § 1308.12(b). Dextroamphetine-amphetamine, sometimes prescribed under the brand name Adderrall, was used to treat attention-deficit disorder. Dextroamphetine-amphetamine, as with other amphetamines, was highly addictive.

8. Medical practitioners, such as physicians and nurse practitioners, who were authorized to prescribe controlled substances by the jurisdiction in which they were licensed to

practice medicine were authorized under the CSA to prescribe, or otherwise distribute, controlled substances, if they were registered, or exempt from registration, with the Attorney General of the United States. 21 U.S.C. § 822(b); 21 C.F.R. § 1306.03. Upon application by the practitioner, the Drug Enforcement Administration (DEA) assigned a unique registration number to each qualifying medical practitioner, including physicians and nurse practitioners.

9. Chapter 21 of the Code of Federal Regulations, Section 1306.04, governed the issuance of prescriptions and provided, among other things, that a prescription for a controlled substance "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice." Moreover, "[a]n order purporting to be a prescription issued not in the usual course of professional treatment . . . is not a prescription within the meaning and intent of [the CSA] and the person knowingly filing such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances."

10. All prescriptions for controlled substances had to be "dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name, address and registration number of the practitioner." 21 C.F.R. § 1306.05(a).

11. Pursuant to Florida Statute Title XXXII, Chapter 458, a physician who provides professional services in a pain-management clinic must "perform a physical examination of a patient on the same day that the physician prescribes a controlled substance to a patient at a pain-management clinic." Additionally, "[i]f the physician prescribes more than a 72-hour dose of controlled substances for the treatment of chronic nonmalignant pain, the physician must document in the patient's record the reason for prescribing that quantity." Fla. Stat. Ann. § 458.3265.

3

**Defendant and Relevant Entities**

12. American Pain Management Center, Inc. ("American Pain Management Center") was a corporation organized under the laws of the State of Florida and a registered pain management clinic doing business at 7710 NW 71st Court, Suite 202, Tamarac, Florida.

13. American Pain Management of Palm Beach, Inc. ("American Pain Management Palm Beach," together with American Pain Management Center, "American Pain Management") was a corporation organized under the laws of the State of Florida and a registered pain management clinic doing business at 2100 45 Street, Suite B4, West Palm Beach, Florida.

14. Pacific Pharmacy Inc. ("Pacific Pharmacy") was a corporation organized under the laws of the State of Florida, doing business at 8876 SW 24th Street, #11, Miami, Florida, purportedly providing prescription drugs to individuals.

15. Defendant **SCOTT NOVICK**, a resident of Broward County, was the owner of American Pain Management and Pacific Pharmacy.

**CONSPIRACY TO DISTRIBUTE AND DISPENSE CONTROLLED SUBSTANCES**
**(21 U.S.C. § 846)**

From in or around July 15, 2016, through in or around March 21, 2018, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**SCOTT NOVICK,**

knowingly and willfully combined, conspired, and agreed with others, known and unknown to the United States Attorney, to dispense without authorization of law and distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

It is further alleged that a controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably

4

foreseeable to him, is a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

It is further alleged that a controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a mixture and substance containing a detectable amount of Morphine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

It is further alleged that a controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a mixture and substance containing a detectable amount of Hydrocodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

It is further alleged that a controlled substance involved in the conspiracy attributable to the defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is a mixture and substance containing a detectable amount of Dextroamphetine-Ampthetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(C).

## **FORFEITURE**
**(21 U.S.C. § 853(a))**

1. The allegations of this Information are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **SCOTT NOVICK,** has an interest.

2. Upon conviction of Title 21, United States Code, Section 846, violation alleged in this Information, the defendant shall forfeit to the United States, any property constituting or derived from, any proceeds which such defendant obtained, directly or indirectly as the result of such

5

violation, and any property which the defendant used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

3. The property subject to forfeiture includes, but is not limited to, a sum of money equal in value to the gross proceeds traceable to the commission of the violation alleged in this Indictment, which the United States will seek as a forfeiture money judgment as part of the defendant's sentence.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853(a), all pursuant to Title 18, United States Code, Sections 982(a)(7) and 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853.

*[signature]*
BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA


JOSEPH BEEMSTERBOER
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

*[signature]*
TIMOTHY P. LOPER
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

SCOTT NOVICK,
           Defendant.
_____ /

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s)    Yes ____    No ____
Number of New Defendants   ____
Total number of counts   ____

**Court Division:** (Select One)

  X  Miami    ____ Key West
____ FTL    ____ WPB    ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)   No
   List language and/or dialect  _____

4. This case will take   0   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

(Check only one)

| | | | (Check only one) | |
|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | ____ |
| II | 6 to 10 days | ____ | Minor | ____ |
| III | 11 to 20 days | ____ | Misdem. | ____ |
| IV | 21 to 60 days | ____ | Felony | X |
| V | 61 days and over | ____ | | |

6. Has this case been previously filed in this District Court? (Yes or No)   No
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)
Has a complaint been filed in this matter?  (Yes or No)   No
If yes:
Magistrate Case No. _____
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of _____
Rule 20 from the District of
Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  Yes ____  No  X

_____
TIMOTHY LOPER
DOJ TRIAL ATTORNEY
Court ID No. A5502016

*Penalty Sheet(s) attached                                    REV 5/3/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** SCOTT NOVICK

**Case No:** _____

Count #: 1

Title 21, United States Code, Section 846

Conspiracy to Distribute and Dispense Controlled Substances

**\*Max Penalty:** Twenty (20) years' imprisonment

Count #:

**\*Max Penalty:**

Count #:

\*Max Penalty:

Count #:

\*Max Penalty:

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) Case No. |
| | ) |
| Scott Novick, | ) |
| *Defendant* | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*