# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Miami Division

**UNITED STATES OF AMERICA**
**v.**
**SCOTT STEVEN NOVICK (01)**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **113C 1:18CR20563**
USM Number: **19460-104**

Counsel For Defendant: **Robin Kaplan Eliani**
Counsel For The United States: **Timothy P. Loper**
Court Reporter: **Gilda Pastor-Hernandez**

**The defendant pleaded guilty to count(s) ten of a Ten Count Superseding Indictment.**

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to commit health care | 08/31/2017 | 10 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**All remaining counts are dismissed on the motion of the government.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **6/13/2019**

_K. M. Moore_ (signature)
**K. MICHAEL MOORE**
**United States Chief District Judge**

Date: 06/13/19

DEFENDANT: **SCOTT STEVEN NOVICK (01)**
CASE NUMBER: **113C 1:18CR20563**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **78 Months as to Count Ten**.

**The court makes the following recommendations to the Bureau of Prisons: Designation to FDC Miami, to be near family**

**The defendant surrendered to the custody of the United States Marshal at the conclusion of the hearing.**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **SCOTT STEVEN NOVICK (01)**
CASE NUMBER: **113C 1:18CR20563**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 Years as to Count Ten**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **SCOTT STEVEN NOVICK (01)**
CASE NUMBER: **113C 1:18CR20563**

## SPECIAL CONDITIONS OF SUPERVISION

Association Restriction - The defendant is prohibited from associating with [specify persons or groups] or visiting [specify locations] while on probation/supervised release.

Financial Disclosure Requirement - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

Mental Health Treatment - The defendant shall participate in an approved inpatient/outpatient mental health treatment program. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

Permissible Search - The defendant shall submit to a search of his/her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

Related Concern Restriction - The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any related concern during the period of supervision.

Self-Employment Restriction - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

Substance Abuse Treatment - The defendant shall participate in an approved treatment program for drug and/or alcohol abuse and abide by all supplemental conditions of treatment. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

Unpaid Restitution, Fines, or Special Assessments - If the defendant has any unpaid amount of restitution, fines, or special assessments, the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay.

DEFENDANT: **SCOTT STEVEN NOVICK (01)**
CASE NUMBER: **113C 1:18CR20563**

### CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | $0.00 | To be determined |

**A restitution hearing has been scheduled for July 9, 2019 at 11:00 AM**

**If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.**

| NAME OF PAYEE | TOTAL LOSS* | RESTITUTION ORDERED |
|---|---|---|
| Centers for Medicare and Medicaid | To be determined | To be determined |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

\*\*Assessment due immediately unless otherwise ordered by the Court.

DEFENDANT: **SCOTT STEVEN NOVICK (01)**
CASE NUMBER: **113C 1:18CR20563**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $100.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
400 NORTH MIAMI AVENUE, ROOM 08N09
MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.